## Fox *v.* Whitney.

An attorney fee, taxed in the bill of costs in a criminal cause before a magistrate, is illegal, such fee being allowed only in cases where party costs are to be taxed; and there being no party plaintiff, either for whom or against whom to tax costs in criminal proceedings.

The penalty given by the statute for demanding and taking illegal fees, is designed to restrain public officers from exacting unreasonable compensation for services rendered by them of an official character, and the penalty attaches only in case of an illegal fee demanded by such officer, or by some other person for him, by his assent, for a service performed by him and as his compensation therefor.

A magistrate is not liable to the penalty who has rendered judgment in a criminal proceeding for costs, including an attorney fee; the same being taxed and claimed by the attorney who conducted the prosecution, as compensation for his services, although the costs were paid upon the order of the magistrate to hold the respondent in custody till they were paid, and the magistrate receipted to the respondent for the costs upon their being so paid.

Debt, to recover the penalty given by statute for demanding and taking illegal fees.

The plaintiff was sentenced by the defendant, a justice of the peace, to pay a fine and costs on three several complaints returned before him, for assault and battery. The bills of costs were taxed by the attorney who conducted the prosecutions, and an attorney fee of five dollars was taxed on each complaint. The plaintiff was held in custody by the order of the defendant, as magistrate, until he paid the amount of the fines and costs, including the attorney fee. The money was paid by the plaintiff to the attorney, and the attorney paid over to the defendant eighty-four cents only in each of the prosecutions, being the legal fee belonging to the defendant, as magistrate, for the examination and judgment; but the defendant gave to the plaintiff a receipt in writing, signed in his own name, acknowledging in each case the receipt by him of the fines and costs in the three prosecutions, and specifying the amount as including the attorney fees. A verdict was taken, by consent, for the plaintiff, for the three penalties, as claimed in the declaration, upon which judgment is to be entered, or the verdict set aside and judg-

ment entered for the defendant, according to the opinion of this court.

*G. & B. Wadleigh,* for the plaintiff.

*Morrison,* for the defendant.

SAWYER, J. This action is brought to recover of the defendant the penalty given by sec. 25, chap. 229, Rev. Stat., for demanding and taking illegal fees.

The section is as follows: "If any person shall demand and take any greater fee for any service than is allowed by law, or any fee to which he is not by law entitled, he shall forfeit fifty dollars to the person who will sue therefor."

The attorney fee taxed in each of the three prosecutions was unauthorized by the statute, and illegal. The fees to be taxed in criminal cases before magistrates, are, ordinarily, the fees allowed the justice, as provided in sec. 2, chap. 229, no attorney fee being therein specified, and the fees of the witnesses and the officer serving the warrant.

In those civil causes in which an attorney fee is authorized, it is taxed for the benefit of the party, it being designed by the statute to reimburse him for the retaining fee supposed to be paid by him to his attorney. In criminal cases there is no party plaintiff, either for whom or against whom to tax costs; consequently there is no ground for allowing an attorney fee or other party-costs in those cases. Even if such fee in those cases in which it is allowed is to be considered, not as the party's costs, but as belonging to the attorney in the sense in which the fees allowed the magistrate are considered his, and as a compensation for his services in the action, it would, nevertheless, be inconsistent to allow the taxation of such fee in criminal cases, as they are supposed to be conducted by the prosecuting officer of the State or county, who is compensated for his services in that behalf in another form. In practice, we are aware, many of that class of cases are instituted and conducted by other attorneys,

retained for that purpose, and very properly so, by the parties suffering from the offences sought to be punished, or otherwise specially interested in having them prosecuted. Such, it is to be supposed, was the fact in the case of these complaints. The prosecutions were conducted by an attorney, not a public prosecuting officer, who taxed the bills of cost, including in each case an item for an attorney fee. This must be understood as taxed for the services rendered by him as attorney in the proceedings, and intended in whole or in part as his compensation therefor. The money received on account of those items was taken by him and retained to his own use, though formally receipted for by the defendant as magistrate. Whether it was or not intended and understood to be received by the attorney on account and in abatement of his charges against his client, it is clear that it was not received on account of the defendant, nor on the footing of a fee for any service performed by him as magistrate or otherwise.

Nor was it a fee *demanded* by him, in the sense contemplated by the statute. The penalty is given for demanding and taking an illegal fee. To demand a fee for a service, in the proper meaning of the word " demand," can be done only by the person claiming the right to the fee as compensation for the service, or by some other, acting in his behalf; for it implies a calling for and claiming what belongs, or is set up as belonging to the party demanding. The expression, " by law entitled," used in describing the latter branch of the offence, namely, " demanding and taking a fee to which he is not by law entitled," clearly implies the same thing ; entitled to by law as his, as belonging to him ; and how belonging to him, unless because of the service for which the fee is demanded ? The language employed there must be construed as giving the penalty for demanding and taking a fee for a service performed by the person demanding it, greater than is allowed by law for that service, or for which no fee is allowed ; and this construction fully answers the object and intention of the statute.

The chapter in which is contained the section giving the penalty, is an enactment to limit the fees to be received by public

officers for their official services. Inasmuch as these fees are often the subject of taxation in bills of costs — in fact, it seldom occurring that a bill of cost is taxed in judicial proceedings which does not include one or more items for such fees — another object of the enactment is to regulate such taxation; and both purposes, so far as relates to the fees of public officers which may become the subject of taxation, are subserved at once by the provisions of the chapter limiting the fees to be taken in the various cases specified. In the latter aspect, as an enactment to regulate the taxation of costs, its provisions furnish the rules by which the costs are to be governed in rendering judgments for costs. It is obvious, however, that the section giving the penalty has no application to any erroneous proceeding of the courts, or of justices of the peace holding magistrates' courts, in taxing costs in its character of a judicial proceeding. It would be against the policy of the law to subject judicial officers, acting in their judicial capacity, to any responsibilities on account of their judicial action beyond such as may attach upon proper proceedings against them for corruption in office. A magistrate may, indeed, make himself liable for the penalty on account of an illegal fee included in his judgment for costs; but it can be only when the demand for the fee can be considered as made by him, independent of his judicial act in rendering the judgment. Such demand may well be considered as made, when, in the taxation of the bill of costs, preparatory to rendering judgment therefor, he inserts or assents to the attorney's inserting an item as a fee for a service performed by him, or when, after judgment, he claims the money arising from a fee so taxed, as his. In such a case the demand for the fee is irrespective of the judicial act involved in rendering the judgment; *Fowler* v. *Tuttle*, 4 Foster 9; and it is not necessary to look to that or to any proper judicial order made to enforce the judgment or sentence, or to the final process issued upon it, in order to find the "demand." If in this case the defendant can be considered in any sense to have demanded the illegal fee, it must be because he rendered judgment in sentencing the plaintiff to pay the fine and costs, not for an illegal fee which, in

taxing the bill of costs, he claimed as due to himself for his services, but for one which another claimed as due to *him* for *his* services. If the penalty attaches for his so doing, then it is because he has demanded the fee in adjudging that it be paid as costs following his sentence, and in making the consequent order for the commitment. To give the section under consideration such construction as will thus subject judicial officers to its penalties for errors in the discharge of their judicial duties, would be in contravention of all acknowledged principles on the subject, and would be warranted only upon the ground that in its terms the statute imperatively requires it, or, if not in terms requiring it, yet being such as to admit of it, that the object at which the statute aims, namely, the prevention of illegal charges by public officers for their official services, can be effected only by subjecting to the penalty not merely the party making the illegal charge, but also the magistrate, as equally guilty with him, who might allow it in rendering judgment for it as costs. To punish the party who, for his own gain, is guilty of extorting a greater compensation than is allowed by law for a service rendered by him in his official character, is manifestly all that was contemplated in the enactment of this section. The defendant not having demanded and taken any such fee for a service so rendered by him, is not liable to the penalty. The verdict must be set aside, and                     *Judgment rendered for the defendant.*